IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MATTHEW D. MELTON, | § | |
|     PLAINTIFF, | § | |
| | § | |
| V. | § | CIVIL CASE NO. 3:21-CV-2857-M-BK |
| | § | |
| ELLIS COUNTY DISTRICT ATTORNEY'S | § | |
| OFFICE, AND ELLIS COUNTY, TEXAS, | § | |
|     DEFENDANTS. | § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case has been referred to the undersigned United States magistrate judge for pretrial management. The Court now considers Plaintiff's *Motion to Remand*, Doc. 8, and *Defendant Ellis County, Texas' Motion to Dismiss Plaintiff's Amended Petition #1*, Doc. 12. For the reasons that follow, Plaintiff's motion should be **DENIED**, and Defendant's motion should be **GRANTED**.[1]

**I.   PROCEDURAL HISTORY**

On October 7, 2021, Plaintiff, appearing *pro se*, filed this action in state court pursuant to 42 U.S.C. § 1983. Doc 1-3 at 6. He alleges that Defendant violated his constitutional rights in connection with his arrest on false charges of abuse brought by his estranged wife. Doc. 1-3 at 8-9. Liberally construing his *Amended Petition*, Plaintiff also delineates purported state law

---

[1] The Ellis County District Attorney's Office is not a jural entity that can be sued because governmental offices and departments do not have a separate legal existence. *See Epps v. City of Dallas Police Dept.*, No. 3:15-CV-3881-L, 2016 WL 1658676, at *1 (N.D. Tex. March 30, 2016) (Stickney, J.), *adopted by* 2016 WL 1642946 (N.D. Tex. Apr. 26, 2016) (Lindsay, J.). Defendant thus appears solely in its capacity as Ellis County, Texas. Doc. 13 at 1.

claims sounding in negligence and gross negligence for (1) "dereliction of duty," Doc. 10 at 18-19; (2) bias of the investigating detectives, Doc. 10 at 4; and (3) "official oppression," Doc. 10 at 4. Plaintiff was released on bail no later than June 10, 2017, and the criminal charges against him ultimately were dismissed on October 8, 2019. Doc. 10 at 7, 20, 30; Doc. 15 at 3.

Defendant timely removed the action to this Court based on federal question jurisdiction and promptly moved to dismiss. Doc. 1 at 2; Doc. 6. Plaintiff seeks to remand his state law claims to state court and, in the meantime, filed his *Amended Petition*, which Defendants again move to dismiss. Doc. 8; Doc. 10; Doc. 12.

## II.   APPLICABLE LAW AND ANALYSIS

### A.   *Plaintiff's Motion to Remand*

A defendant may remove a civil action from state court to federal court if the action originally could have been brought in federal court. 28 U.S.C. § 1441(a). As relevant here, a federal district court has original jurisdiction of an action that arises under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. The removing party bears the burden of establishing the facts necessary to show that federal jurisdiction exists. *St. Paul Reinsurance Co. Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

In this case, the Court clearly has subject matter jurisdiction over this action because Plaintiff's original petition included claims that his constitutional rights had been violated. Doc. 1-3, *passim*. And it is that petition, rather than his *Amended Petition*, that governs the removal analysis. *See Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) ("To determine whether jurisdiction is present for removal, we consider the claims in the state court petition as they existed at the time of removal.") (citation omitted). Accordingly, Plaintiff's *Motion to Remand* should be denied.

### B. *Defendant's Rule 12(b)(6) Motion*

#### 1. *Standard of Review*

A plaintiff fails to state a claim for relief under Rule 12(b)(6) when the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In order to overcome a Rule 12(b)(6) motion, a plaintiff's complaint should "contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference may fairly be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995) (quotation omitted).

#### 2. *Parties' Arguments*

Defendant contends that all of Plaintiff's constitutional claims stem from the events in May and June 2017 and thus are barred by the applicable two-year statute of limitations. Doc. 13 at 3. To the extent Plaintiff raises tort claims for false arrest and false imprisonment, Defendant maintains they are untimely for the same reason. Doc. 13 at 3-4. On the merits, Defendant asserts that Plaintiff's complaint does not sufficiently state a constitutional claim because he did not plead facts supporting municipal liability. Doc. 13 at 4-5.

Plaintiff responds that he timely brought his claims because he filed his complaint within two years of the disposition of his criminal case on October 8, 2019. Doc. 15 at 3. Alternatively, Plaintiff asserts his claims are timely because it was not until October 1, 2021, that he obtained discovery in his criminal case which Defendant allegedly withheld from him. Doc. 15 at 3-4. If the Court is inclined to dismiss Plaintiff's claims, he requests leave to amend his complaint. Doc. 10 at 3, 17; Doc. 15 at 5-6.

*3. Analysis*

a. Statute of Limitations

Plaintiff filed this action in state court on October 7, 2021. Doc. 1-3 at 3. In the operative *Amended Petition*, he avers that the events underlying his claims took place in or around May 16-25, 2017, plus one incident involving an email sent from Plaintiff's wife to an investigating detective on June 10, 2017. Doc. 10 at 5-7; Doc. 13 at 2. Plaintiff asserts that Defendant violated (1) his Fourth Amendment right to be free from unlawful search and seizure, Doc. 10 at 20-21; (2) his due process rights by (a) failing to investigate the false charges against him and (b) relying on a detective's perjured statements to support the charges, Doc. 10 at 20-23; (3) his right to counsel during his interrogation, Doc. 10 at 24-25;[2] (4) his equal protection rights as compared to his estranged wife and the detective who investigated the underlying acts, Doc. 10 at 26-27; and (5) his right to timely disclosure of exculpatory *Brady* evidence (although it was provided to him during his trial),[3] Doc. 10 at 27-30.

Section 1983 does not have a specified statute of limitations, so federal courts borrow the general personal injury limitations period from the state in which they sit. *Owens v. Okure*, 488

---

[2] To the extent Plaintiff attempts to state a claim for Defendant's alleged violation of his *Miranda* rights, Doc. 10 at 21-22, the Supreme Court recently held that *Miranda* does not confer a private cause of action under section 1983. *Vega v. Tekoh*, 142 S. Ct. 2095, 2106, (2022). Further, though Plaintiff purports to invoke a cause or causes of action under the Texas Penal Code, Doc. 10 *passim*, he has not pointed to any specific provisions of the Code or explained how the Code provides him with a private cause of action. *See A.H. Belo Corp. v. Corcoran*, 52 S.W.3d 375, 379 (Tex.App.—Houston [1st Dist.] 2001, pet. denied) (holding that "the Penal Code does not provide for a private cause of action").

[3] "[S]trictly speaking, there is never a real '*Brady* violation' unless the nondisclosure was so serious" that the suppressed evidence might have produced a different verdict. *See Strickler v. Greene*, 527 U.S. 263, 281 (1999). Because the charges against Plaintiff were dropped, Doc. 10 at 30, he cannot maintain a *Brady* claim.

4

U.S. 235, 239, 240-41 (1989); *see also Manuel v. City of Joliet*, 137 S.Ct. 911, 920 (2017) ("In defining the contours and prerequisites of a § 1983 claim, including its rule of accrual, courts are to look first to the common law of torts."). In Texas, the personal injury statute of limitations is two years. *Slack v. Carpenter*, 7 F.3d 418, 419 (5th Cir. 1993). Although federal courts look to state law to determine the limitations period, "federal law governs when a cause of action under § 1983 accrues . . . [i.e.] when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Gatrell v. Gaylor*, 981 F.2d 254, 257 (5th Cir. 1993); *Rodriguez v. Holmes*, 963 F.2d 799, 803 (5th Cir. 1992) (noting that under the federal standard, "the statute of limitations begins to run from the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured"). "A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred, and the pleadings fail to raise some basis for tolling or the like." *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003).

As an initial matter, the Court notes that while Plaintiff purports to rely on several provisions in the Constitution, his claim centers on his alleged false arrest and detention. *See* Doc. 15 at 3. Thus, for purposes of this recommendation, the Court analyzes Plaintiff's claims, and the timeliness thereof, under the Fourth Amendment. *See Winfrey v. Rogers,* 901 F.3d 483, 491-92 (5th Cir. 2018) (holding that the Fourth Amendment governs wrongful arrest and malicious prosecution claims) (citations omitted).

"Under Texas law, the elements of false imprisonment are (1) willful detention, (2) without consent, and (3) without authority of law." *Davila v. United States*, 713 F.3d 248, 262 (5th Cir. 2013) (cleaned up); *see also Wallace v. Kato*, 549 U.S. 384, 389 (2007) ("False arrest and false imprisonment overlap; the former is a species of the latter."). For claims arising out of

a wrongful arrest, the false imprisonment ends — and the statute of limitations commences — when the individual becomes held pursuant to legal process, such as being arraigned or bound over for further proceedings by a judge. *Wallace*, 549 U.S. at 389. Thus, for a section 1983 claim of false arrest in violation of the Fourth Amendment, where criminal proceedings follow the arrest, the statute of limitations "begins to run at the time the claimant becomes detained pursuant to legal process." *Id.* at 397. Thereafter, "unlawful detention forms part of the damages for the 'entirely distinct' tort of malicious prosecution, which remedies detention accompanied, not by absence of legal process, but by *wrongful institution* of legal process." *Id.* at 390 (emphasis in original).

Plaintiff states in the *Amended Petition* that he bonded out of jail no later than June 10, 2017, and "remain[ed] out on bail for close to [two years]." Doc. 10 at 7, 20. "[A] bond hearing satisfies the definition of legal process within the meaning of *Wallace*." *Reed v. Edwards*, 487 F. App'x 904, 906 (5th Cir. 2012); *Laborde v. Lunceford*, No. 6:10-CV-30, 2010 WL 3238311, at *3 (E.D. Tex. Aug. 13, 2010) ("Being bonded to appear is sufficient legal process to begin running the statute of limitations under a Fourth Amendment false arrest claim."). Thus, because Plaintiff filed this action more than two years after he bonded out of jail, his constitutional claims are untimely. *Id.*; *Slack*, 7 F.3d at 419.

That said, however, claims brought under section 1983 are subject to equitable tolling under some circumstances. *Bradley v. Sheriff's Dept. St. Landry Parish*, 958 F.3d 394 (5th Cir. 2020). "Because the Texas statute of limitations is borrowed in § 1983 cases, Texas' equitable tolling principles also control." *Rotella v. Pederson*, 144 F.3d 892, 897 (5th Cir. 1998). "Texas courts sparingly apply equitable tolling and look, *inter alia*, to whether a plaintiff diligently

*6*

pursued his rights; litigants may not use the doctrine to avoid the consequences of their own negligence." Myers v. Nash, 464 F. App'x. 348, 349 (5th Cir. 2012) (quotation omitted).

Plaintiff first suggests that the limitations period for his claims was tolled until his criminal case was resolved in October 2019. Doc. 15 at 3-4. But tolling in that circumstance generally applies only if the claimant remains in custody after the allegedly wrongful arrest. Bradley, 958 F.3d at 391-92. While Plaintiff made bail in June 2017, that would only extend the limitations period to June 2019 which still renders his complaint untimely. There is, however, an exception to the general rule on tolling, which Plaintiff invokes: If the legal proceeding establishing probable cause was tainted, such that probable cause was actually lacking, then the ensuing pretrial detention violates the Fourth Amendment, and the limitations period does not begin to accrue simply upon issuance of the tainted legal process. Manuel, 137 S. Ct. at 915, 919-20 (holding that when plaintiff was arrested and detained without probable cause, his unlawful detention claim was not extinguished even though "legal process" had issued). Rather, if probable cause is absent, the limitations period commences when the criminal charges are terminated in the claimant's favor — in this case on October 8, 2019. McDonough v. Smith, 139 S. Ct. 2149, 2156 (2019).

Plaintiff alleges in the *Amended Petition* that the warrant for his arrest was not based on probable cause because the arresting officers (1) falsified a portion of the police report by stating that Plaintiff refused to talk to one of the detectives, and (2) did not have "a credible witness or complainant who was a party to the actions set forth under the warrant" because his wife, even though present at the scene, "has no credibility." Doc. 10 at 7-8, 11, 20. As to the first argument, it does not appear to that the alleged false statement in the police report relates in any way to the probable cause question. In support of his second argument questioning his wife's

credibility, Plaintiff alleges that (1) in 2008, his wife signed a notarized statement requesting that similar charges against Plaintiff be dropped because she "made a mistake" and Plaintiff was "a good husband," Doc. 10 at 6, and (2) on an unspecified date in 2017, his wife signed another notarized statement, asking that the charges against Plaintiff be dropped because she "overreacted" and was not sure she remembered the events accurately, Doc. 10 at 7. Neither Plaintiff's wife's actions preceding the events at issue nor her actions after Plaintiff's arrest, however, bear on the probable cause question.

Alternatively, Plaintiff posits that the statute of limitations was tolled until October 1, 2021, when he "received discovery information" about his criminal case in the form of an "altered" recording of a phone call with a detective in which Plaintiff explained he would not talk with officers without the presence of counsel. Doc. 15 at 3-5; *see also* Doc. 10 at 9-10. Again, this so-called recent discovery does not appear to relate to the issue of whether probable cause existed for Plaintiff's arrest. Moreover, Plaintiff gives no indication that he acted diligently in attempting to obtain the recording. *See Piotrowski v. City of Hous.*, 237 F.3d 567, 576 ("[T]he limitations period begins to run the moment the plaintiff . . . has sufficient information to know that he has been injured." (quotation omitted)); *Hand v. Stevens Transp., Inc. Emp. Benefit Plan*, 83 S.W.3d 286, 293 (Tex. App.—Dallas, 2002) (holding that equitable tolling is sparingly applied, and litigants may not use the doctrine "to avoid the consequences of their own negligence"). Accordingly, Plaintiff is not entitled to equitable tolling of the limitations period for his section 1983 claim. Further, because his tort claims are based on the same underlying acts, those claims are time-barred as well.[4]

---

[4] Plaintiff also raises a civil conspiracy claim. Doc. 10 at 31-32. Civil conspiracy is, however, not an independent cause of action and instead must be tied to an underlying tort. *See Agar*

*8*

b. Municipal Liability

Finally, and in the alternative, Defendant asserts that Plaintiff has not adequately pled that it has a custom or policy which caused him to be deprived of his constitutional rights. Doc. 13 at 4-5. The Court agrees. Plaintiff's operative complaint simply and repeatedly avers that Defendant's "behavior shows the custom" in question. Doc. 10 at 19-27, 32. That is not sufficient. To establish a municipal liability claim, a plaintiff must plead facts that plausibly support the existence of "a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Piotrowski*, 237 F.3d at 578 (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). Plaintiff's complaint fails to point to an official custom or policy involving the asserted constitutional violations because the only facts he alleges with any specificity relate to the actions Defendant took against him. *Ratliff v. Aransas Cnty., Tex.*, 948 F.3d 281, 285 (5th Cir. 2020) ("[P]lausibly to plead a practice 'so persistent and widespread as to practically have the force of law,' [Plaintiff] must do more than describe the incident that gave rise to his injury."), *cert. denied* 141 S. Ct. 376 (2020). As a result, Plaintiff has failed to adequately allege Defendant's municipal liability. In sum, Plaintiff's complaint should be dismissed.

### III. LEAVE TO AMEND

In the event the district judge agrees that his claims should be dismissed, Plaintiff requests leave to amend his complaint. Doc. 10 at 3, 17; Doc. 15 at 4. A court may dismiss a claim that fails to meet the pleading requirements, but "should not do so without granting leave

---

*Corp. v. Electro Circuits Int'l, LLC*, 580 S.W.3d 136, 142 (Tex. 2019). Because Plaintiff's tort claims are not timely, his civil conspiracy claim fails as well. *Id.* (holding that civil conspiracy, as a theory of derivative liability, shares a limitations period with that of its underlying tort).

to amend, unless the defect is simply incurable or the plaintiff has failed to plead with particularity after being afforded repeated opportunities to do so." *Hart v. Bayer Corp.*, 199 F.3d 239, 248 n.6 (5th Cir. 2000). Plaintiff is proceeding without the assistance of counsel and, while he filed an amended complaint after his case was removed from state court, the Court cannot determine with certainty that he is not entitled to equitable tolling of the limitations period. Consequently, and in view of his *pro se* status, Plaintiff should be given leave to amend his complaint one final time.

The Court pauses here to caution Plaintiff that his amended complaint must comply with Rule 8(a) of the Federal Rules of Civil Procedure. Plaintiff's *Amended Petition* is a repetitive and disjointed pleading that is poorly organized, rambling, and largely written in a stream-of-consciousness fashion. Rule 8(a), however, requires that a complaint contain: (1) a statement of the grounds for the court's jurisdiction; (2) a short and plain statement of the claim showing that the plaintiff is entitled to relief; and (3) a demand for the relief sought. FED. R. CIV. P. 8(a). Accordingly, if Plaintiff chooses to amend his complaint, that pleading should clearly and succinctly set forth the relevant facts, separately address each cause of action he wishes to raise and, if he believes he is entitled to equitable tolling of the statute of limitations, he should specify why and how.

### IV.    CONCLUSION

For the reasons set forth above, Plaintiff's *Motion to Remand*, Doc. 8, should be **DENIED**, and *Defendant Ellis County, Texas' Motion to Dismiss Plaintiff's Amended Petition*

*#1,* Doc. 12, should be **GRANTED**.  <u>Plaintiff is granted until August 18, 2022, to file a complaint that cures the deficiencies noted herein, if possible.</u>  If he fails to do so, this case should be dismissed with prejudice upon the re-urging of Defendant.

   **SO RECOMMENDED** on July 18, 2022.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); F<small>ED</small>. R. C<small>IV</small>. P. 72(b).  An objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute,* 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).