IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

MATTHEW D. MELTON,                    §
                                      §
                Plaintiff,            §
                                      §
V.                                    §        No. 3:21-cv-2857-M-BN
                                      §
ELLIS COUNTY, TEXAS,                  §
                                      §
                Defendant.            §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Plaintiff Matthew D. Melton filed a *pro se* second amended complaint, this time against Defendant Ellis County, Texas, a municipality, under 42 U.S.C. § 1983, alleging that his constitutional rights were violated when he was arrested on abuse charges brought by his estranged wife [Dkt. No. 21] (the SAC).

Because his claims are time barred and, in the alternative, for his failure to plead municipal liability, the Court dismissed Melton's first amended complaint without prejudice to his amending his claims again but cautioned Melton that, should he file a second amended complaint, this

> amended complaint must comply with Rule 8(a) of the Federal Rules of Civil Procedure. Plaintiff's Amended [Complaint] is a repetitive and disjointed pleading that is poorly organized, rambling, and largely written in a stream-of-consciousness fashion. Rule 8(a), however, requires that a complaint contain: (1) a statement of the grounds for the court's jurisdiction; (2) a short and plain statement of the claim showing that the plaintiff is entitled to relief; and (3) a demand for the relief sought. FED. R. CIV. P. 8(a). Accordingly, if Plaintiff chooses to amend his complaint, that pleading should clearly and succinctly set forth the relevant facts, separately address each cause of action he wishes to raise and, if he believes he is entitled to equitable tolling of the statute of limitations, he should specify why and how.

*Melton v. Ellis Cnty. Dist. Attorney's Office*, No. 3:21-cv-2857-M-BK, 2022 WL 3220065, at \*5 (N.D. Tex. July 18, 2022), *rec. accepted*, 2022 WL 3213884 (N.D. Tex. Aug. 9, 2022) (*Melton I*).

Ellis County moved to dismiss the SAC with prejudice. *See* Dkt. Nos. 22, 23. And Melton responded. *See* Dkt. No. 24.

This lawsuit was then transferred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Senior United States District Judge Barbara M. G. Lynn.

And the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should grant the motion to dismiss and dismiss this lawsuit with prejudice.

## Legal Standards

In deciding a motion to dismiss for failure to state a claim upon which relief may be granted under Rule 12(b)(6), the Court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007).

Such a motion is therefore "not meant to resolve disputed facts or test the merits of a lawsuit" and "instead must show that, even in the plaintiff's best-case scenario, the complaint does not state a plausible case for relief." *Sewell v. Monroe City Sch. Bd.*, 974 F.3d 577, 581 (5th Cir. 2020).

Even so, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must

plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* And "[a] claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679); *see also Inclusive Communities Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019) ("Where the well-pleaded facts of a complaint do not permit a court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" (quoting *Iqbal*, 556 U.S. at 678 (quoting, in turn, FED. R. CIV. P. 8(a)(2)))).

Federal Rule of Civil Procedure 8(a)(2) does not mandate detailed factual allegations, but it does require that a plaintiff allege more than labels and conclusions. And, while a court must accept a plaintiff's factual allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Consequently, a threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.*; *Armstrong v. Ashley*, 60 F.4th

262, 269 (5th Cir. 2023) ("[T]he court does not 'presume true a number of categories of statements, including legal conclusions; mere labels; threadbare recitals of the elements of a cause of action; conclusory statements; and naked assertions devoid of further factual enhancement.'" (quoting *Harmon v. City of Arlington, Tex.*, 16 F.4th 1159, 1162-63 (5th Cir. 2021))).

So, "to survive a motion to dismiss" under *Twombly* and *Iqbal*, plaintiffs must "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that they contend entitle them to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *see also Inclusive Communities*, 920 F.2d at 899 ("'Determining whether a complaint states a plausible claim for relief' is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" (quoting *Iqbal*, 556 U.S. at 679; citation omitted)).

These general pleading standards apply to a claim against a municipality. *See Hutcheson v. Dall. Cnty., Tex.*, 994 F.3d 477, 482 (5th Cir. 2021) ("There is no heightened pleading standard for § 1983 claims against municipalities. To survive a motion to dismiss, the complaint need not contain detailed factual allegations but still must state sufficient facts to establish a plausible claim on its face." (citing *Littell v. Hous. Indep. Sch. Dist.*, 894 F.3d 616, 622 (5th Cir. 2018))).

Because "[a] person may sue a municipality that violates his or her constitutional rights [only] 'under color of any statute, ordinance, regulation, custom, or usage,'" *id.* (quoting Section 1983; citing *Monell v. Dep't of Soc. Servs.*, 436 U.S.

658, 690 (1978)), a plaintiff alleging a *Monell* claim "has two burdens: to [plausibly

allege] (1) that a constitutional violation occurred and (2) that a municipal policy was

the moving force behind the violation," *Sanchez v. Young Cnty., Tex.*, 956 F.3d 785,

791 (5th Cir. 2020) (citing *Monell*, 436 U.S. at 694).

Accordingly, "[i]n municipal-liability cases," the threshold question "is whether

the complained-of 'act may fairly be said to represent official policy.'" *Id.* at 792-93

(cleaned up; quoting *Monell*, 436 U.S. at 694); *see also Hutcheson*, 994 F.3d at 483

(rejecting the argument that a district court errs by dismissing a *Monell* claim

without first analyzing the underlying constitutional violation).

> And a plaintiff may proceed on a *Monell* claim only by
>
> identify[ing] "(1) an official policy (or custom), of which (2) a policy maker
> can be charged with actual or constructive knowledge, and (3) a
> constitutional violation whose moving force is that policy (or custom)."
> *Pineda v. City of Hous.*, 291 F.3d 325, 328 (5th Cir. 2002) (cleaned up).
> Municipalities are not liable "on the theory of respondeat superior" and
> are "almost never liable for an isolated unconstitutional act on the part
> of an employee." *Peterson v. City of Fort Worth*, 588 F.3d 838, 847 (5th
> Cir. 2009).

*Hutcheson*, 994 F.3d at 482; *see also Brown v. Tarrant Cnty., Tex.*, 985 F.3d 489, 497

& n.11 (5th Cir. 2021) (noting that where a plaintiff's claim fails as to one prong, a

court "need not consider whether [his] claim also fails the other two *Monell* prongs"

(citing *Zarnow v. City of Wichita Falls*, 614 F.3d 161, 168-69 (5th Cir. 2010))).

"Official policy can arise in various forms. It usually exists in the form of

written policy statements, ordinances, or regulations, but may also arise in the form

of a widespread practice that is 'so common and well-settled as to constitute a custom

that fairly represents municipal policy.'" *James v. Harris Cnty.*, 577 F.3d 612, 617

(5th Cir. 2009) (quoting *Piotrowski v. City of Hous.*, 237 F.3d 567, 579 (5th Cir. 2001)

(quoting, in turn, *Webster v. City of Hous.*, 735 F.2d 838, 841 (5th Cir. 1984) (per

curiam) (en banc))); *see also Brown*, 985 F.3d at 497 ("An 'official policy' may take two

forms – either a 'policy statement formally announced by an official policymaker' or

a 'persistent widespread practice of city officials or employees, which, although not

authorized by officially adopted and promulgated policy, is so common and well

settled as to constitute a custom that fairly represents municipal policy.'" (quoting

*Zarnow*, 614 F.3d at 168-69)).

        "Under the second requirement, a plaintiff must show '[a]ctual or constructive

knowledge of [a] custom' that is 'attributable to the governing body of the

municipality or to an official to whom that body ha[s] delegated policy-making

authority.'" *Allen v. Hays*, 65 F.4th 736, 749 (5th Cir. 2023) (quoting *Webster*, 735

F.2d at 841). And "a plaintiff must allege 'moving force' causation by showing first,

'that the municipal action was taken with the requisite degree of culpability and must

demonstrate a direct causal link between the municipal action and the deprivation of

federal rights.'" *Id.* (quoting *Valle v. City of Hous.*, 613 F.3d 536, 542 (5th Cir. 2010)).

        "[T]he failure to provide proper training may fairly be said to represent a policy

for which the [municipality] is responsible, and for which [it] may be held liable if it

actually causes injury." *Shumpert v. City of Tupelo*, 905 F.3d 310, 317 (5th Cir. 2019)

(quoting *City of Canton v. Harris*, 489 U.S. 378, 390 (1989)). And, although an alleged

failure to train (or to supervise) "is a separate theory of municipal liability," "the same

standard applies both to a failure to train [or to supervise] claim and to a municipal

liability claim." *Pinedo v. City of Dall., Tex.*, No. 3:14-cv-958-D, 2015 WL 5021393, at *9 (N.D. Tex. Aug. 25, 2015) (citations omitted).

"The ratification theory provides another way of holding a city liable under § 1983" but only "if the policymaker approves a subordinate's decision and the basis for it, as this 'ratification' renders the subordinate's decision a final decision by the policymaker." *Allen*, 65 F.4th at 749 (footnote omitted). But "a policymaker who defends conduct that is later shown to be unlawful does not necessarily incur liability on behalf of the municipality." *Peterson*, 588 F.3d at 849 (citation omitted).

This theory is also "limited to 'extreme factual situations,'" such that conduct may be unconstitutional but "not sufficiently extreme to qualify for a finding of ratification." *Davidson v. City of Stafford, Tex.*, 848 F.3d 384, 395-96 (5th Cir. 2017) (citations omitted)).

Most importantly, regardless the theory of municipal liability, "[t]o proceed beyond the pleading stage, a complaint's 'description of a policy or custom and its relationship to the underlying constitutional violation ... cannot be conclusory; it must contain specific facts.'" *Peña v. City of Rio Grande City*, 879 F.3d 613, 622 (5th Cir. 2018) (quoting *Spiller v. City of Tex. City, Police Dep't*, 130 F.3d 162, 167 (5th Cir. 1997); footnote omitted); *see also Pinedo v. City of Dall., Tex.*, No. 3:14-cv-958-D, 2015 WL 5021393, at *5 (N.D. Tex. Aug. 25, 2015) ("To establish a custom, a plaintiff must demonstrate (and, at the pleading stage, must plausibly plead) 'a pattern of abuses that transcends the error made in a single case.'" (quoting *Piotrowski*, 237 F.3d at 582)).

### Analysis

Ellis County first argues that the claims against it are barred by limitations. *See* Dkt. No. 23 at 3-4.

Claims for violations of the Constitution brought under Section 1983 are governed by Texas's two-year, personal-injury limitations statute. *See Helton v. Clements*, 832 F.2d 332, 334 (5th Cir. 1987); *Shelby v. City of El Paso, Tex.*, 577 F. App'x 327, 331 (5th Cir. 2014) (per curiam). But courts "determine the accrual date of a § 1983 action by reference to federal law." *Walker v. Epps*, 550 F.3d 407, 414 (5th Cir. 2008) (citing *Wallace v. Kato*, 549 U.S. 384, 388 (2007)). And "[f]ederal law holds generally that an action accrues when a plaintiff has a complete and present cause of action, or, expressed differently, when the plaintiff can file suit and obtain relief." *Id.* (cleaned up; quoting *Bay Area Laundry & Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal.*, 522 U.S. 192, 201 (1997)).

In sum, "the limitations period begins to run 'the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured.'" *Id.* (citation omitted); *see also Melton I*, 2022 WL 3220065, at *3. And "[a] statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred, and the pleadings fail to raise some basis for tolling or the like." *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003).

Melton initiated this lawsuit in state court on October 7, 2021. *See Melton I*, 2022 WL 3220065, at *1. But, as the Court previously explained, because Melton's

claims (whether for violations of the Constitution or Texas law) are "center[ed] on his alleged false arrest and detention," *id.* at *3, they accrued when he bonded out of jail on June 10, 2017 and are therefore untimely absent equitable tolling, *see id.* at *3-*4 & n.4. This is why the Court instructed Melton that, should he file a second amended complaint, "if he believes he is entitled to equitable tolling of the statute of limitations, he should specify why and how." *Id.* at *5.

But the SAC fails to specify why and how the applicable, two-year limitations period should be equitably tolled. *See generally* Dkt. No. 21; *Chandra v. Bowhead Sci. & Tech., LLC*, No. 3:16-cv-375-B, 2018 WL 1252097, at *4 (N.D. Tex. Mar. 12, 2018) ("[C]ourts 'still require *pro se* parties to fundamentally "abide by the rules that govern the federal courts."' So *pro se* 'litigants must properly plead sufficient facts that, when liberally construed, state a plausible claim to relief.'" "Chandra's pleadings fall short of that goal by failing to allege any plausible facts entitling him to equitable tolling." (quoting *EEOC v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014))).

The Court should therefore dismiss the SAC with prejudice.

Melton, through the SAC, also fails to allege liability against Ellis County consistent with the legal standards set out above.

Melton alleges that he "will show [that alleged violations of the Texas Penal Code by the City of Waxahachie and its police department, not Ellis County,] are based on customary practices associated with the Defendant which are defacto policy" and that Defendant's "not holding Detective Martinez actionable … shows a procedural and policy problem, as well as customary practice, with the Defendant and

how [ ] they allow bad actors to erode the trust in our law enforcement system by validating cases with tampered evidence or falsified supplements." Dkt. No. 21 at 4, 26; *see also id.* at 26 ("The Defendant is derelict in its duty to provide training and supervision to all those employed who investigated and validated the case file provided by Detective Martinez, as well as disciplinary actions set forth to create trust between the legal system and the citizens they serve. Further, the Defendant is derelict in its duty by not holding those account who brought this falsehood onto the court.").

Those allegations fall short of the specific facts that a complaint must contain to allow a claim against a municipality to proceed beyond the pleading stage. *See Peña*, 879 F.3d at 622; *Pinedo*, 2015 WL 5021393, at *5. And this deficiency is an independent reason to dismiss the SAC with prejudice, considering that the Court previously set out the legal standards applicable to pleading liability against a municipality. *See Melton I*, 2022 WL 3220065, at *5

## Recommendation

The Court should grant Defendant Ellis County, Texas's motion to dismiss the second amended complaint [Dkt. No. 22] and enter judgment dismissing this action with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV.

P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 23, 2023

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE